**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATHAN BEITLER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 5:26-cv-00627 |
| | : | |
| PROGRESSIVE DIRECT INSURANCE | : | |
| COMPANY, et al., | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**Gallagher, J.**                                                                          **April 14, 2026**

## I.  BACKGROUND

Nathan Beitler ("Beitler" or "Plaintiff") was involved in a motor vehicle accident on May 24, 2022, while operating a motorcycle insured by Progressive Direct Insurance Company ("Progressive" or "Defendant"). *See Pl.'s Compl.* ¶¶ 11-14. After the collision, Plaintiff alleged that the driver of the other vehicle was underinsured and therefore sought underinsured motorist benefits under the Defendant's policy. *Id.* at ¶ 37. Currently before this Court is Defendant's Motion to Dismiss Count II of Plaintiff's Complaint. Defendant contends that Plaintiff's bad faith claim should be dismissed for failure to state a claim, asserting that the Complaint lacks sufficient factual allegations to raise the claim above a speculation level, as required by law. For the reasons set forth below, Defendant's Motion to Dismiss is denied.

## II.  LEGAL STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

### III. DISCUSSION

In Count II of his Complaint, Plaintiff asserts a bad faith claim against Defendant, alleging that Progressive's handling of his underinsured motorist claims amounted to bad faith. *See Pl.'s Compl.* ¶¶ 59-65. Defendant counters that Plaintiff failed to plead the "who, what, where, when, and how" of the alleged misconduct. *See Def.'s Mot. to Dismiss* at 11. This Court disagrees.

To state a claim for bad faith under Pennsylvania's bad faith statute, 42 Pa. C.S. § 8371, a plaintiff must plead facts supporting two elements: (1) the insurer lacked a reasonable basis for its conduct, and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis. *Rancosky v. Wash. Natl. Ins. Co.*, 170 A.3d 364 (Pa. 2017); *see also Merrone v. Allstate Vehicle & Prop. Ins. Co.*, 2019 WL 5310576, at *5 (W.D. Pa. Oct. 21, 2019).

First, Plaintiff has adequately alleged that Defendant lacked a reasonable basis for its conduct. At this stage, Plaintiff is not required to prove bad faith. Rather, they simply need to

allege specific facts that, if true, would show the insurer acted unreasonably. The Complaint asserts that Defendant offered amounts that bore no reasonable relationship to Plaintiff's documented economic losses and severe injuries; possessed medical records, expert evaluations, and evidence of economic loss when making those offers; failed to conduct a meaningful investigation, including failing to obtain medical authorizations, schedule or complete an IME, or take other steps to evaluate the claim; and engaged in dilatory ad obstructive claims-handling practices. *See Pl.'s Compl.* ¶¶ 59-65. These allegations, taken as true, plausibly support the inference that Defendant's handling of the claims was unreasonable.

Defendant is correct that a low offer, by itself, does not establish bad faith. *See Clarke v. Liberty Mut. Ins. Co.*, 2019 WL 522473, at *6 (M.D. Pa. Feb 11, 2019 ("A low-ball offer does not suffice to support a claim for bad faith"); *Moran v. United Servs. Auto. Ass'n*, 2019 WL 626440, at *4 (M.D. Pa. Feb. 14, 2019) ("[C]ourts have consistently held that a dispute or discrepancy in the valuation of a claim between the insurer and the insured is not alone indicative of bad faith."); *West v. State Farm Ins. Co.*, 2016 WL 4264240, at *2 (E.D. Pa. Aug. 11, 2016) ("[B]ad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages."). Here, however, Plaintiff has identified specific injuries, documentation, and investigative failures, which is the type of factual detail deemed sufficient at this stage.

The second element, knowledge or reckless disregard, is likewise satisfied. Plaintiff alleges that Defendant had written documentation of serious injuries, including fractures, a collapsed lunch, scarring, and economic losses; ignored or recklessly disregarded those medical records and expert evaluations; failed to take basic investigative steps despite having ample time and information; and persisted in offering amounts that bore no rational relationship to the severity of the injuries or the available coverage. *See Pl.'s Compl.* ¶¶ 59-65.

3

These allegations permit the reasonable inference that Defendant acted with reckless disregard for the lack of a reasonable basis for its conduct. Courts have held that allegations of ignoring medical documentation, failing to investigate, and offering unreasonably low amounts despite clear evidence of significant injuries are sufficient to satisfy the knowledge/recklessness prong at this stage. *See, e.g.*, *Hollock v. Erie Ins. Exchange.*, 842 A.2d 409, 416–17 (Pa. Super. Ct. 2004) (evidence that insurer ignored documentation supports finding of reckless disregard); *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017) (knowledge or recklessness may be inferred from insurer's failure to conduct a meaningful investigation). *See also Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564 (E.D. Pa. 2016) (insureds' allegations that their insurance carrier failed to pay UIM claims, make a reasonable settlement offer, investigate properly, or consider documentation were sufficient to state a plausible bad faith claim); *Davis v. Nationwide Mut. Ins. Co.*, 228 F. Supp. 3d 386, 389 (E.D. Pa. 2017) (bad faith claim sufficiently stated where plaintiff alleged severity of the injury, resulting financial costs, and unreasonably low offer from the insurer); *Padilla v. State Farm Mut. Auto. Ins. Co.*, 31 F. Supp. 3d 671, 676 (E.D. Pa. 2014) (holding that a bad faith claim should proceed where allegations included that the insurer ignored communications from the plaintiff).

At this stage, Plaintiff's allegations, considered together, are adequate. Plaintiff pleads severe, objectively verifiable injuries; Defendant's documented knowledge of those injuries; a disparity between the offers and the known damages; a failure to conduct investigative steps; and obstructive or dilatory claims-handing conduct. *See Pl.'s Compl.* ¶¶ 59-65. This combination of facts is sufficient.

## IV. CONCLUSION

At the pleading stage, the Court's task is not to weigh evidence or resolve factual disputes, but to determine whether the Complaint contains sufficient factual matter to state a plausible claim

for relief. Accepting the allegations as true, the Court concludes that Plaintiff has adequately stated a claim for bad faith. Plaintiff alleges significant injuries, including fractures, a collapsed lung, and permanent scarring; that Defendant possessed written documentation of those injuries when it evaluated the claim; that Defendant repeatedly extended settlement offers bearing little relationship to the severity of the injuries; and that Defendant failed to conduct a reasonable investigation, including its failure to schedule or complete an IME. These allegations, taken together, plausibly support an inference that Defendant lacked a reasonable basis for its conduct, and that Defendant knew or recklessly disregarded that lack of a reasonable basis. At this early stage, no more is required.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge